UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID SAFRAN,

                Plaintiff,

    v.                       8:05-CV-0270
                              (TJM)(DRH)

CHIEF COURT CLERK DOE; FRANK KORZAKANSKI,
Individually and as Court Reporter for Hon. Daniel Lalor
on 11/9/04 for case #04-0941,

                Defendants.

---

APPEARANCES:

DAVID SAFRAN
Plaintiff, *pro se*
02-R-4535
Upstate Correctional Facility
Box 2000
309 Bare Hill Road
Malone, New York 12953

THOMAS J. McAVOY, SENIOR JUDGE

## DECISION and ORDER

   The Clerk has sent to the Court an amended complaint submitted for filing by David Safran ("plaintiff"). Dkt. No. 5. Plaintiff filed the Amended Complaint in accordance with this Court's March 11, 2005 Order ("March Order"). *See* Dkt. No. 4.

   By his original complaint, plaintiff claimed that he has been illegally imprisoned because a valid "certificate of conviction" was not issued by the sentencing court.[1] Dkt. No. 1 at 4. To resolve this alleged deficiency, plaintiff filed a petition for a writ of habeas corpus in the New York State Supreme Court, Greene County. *Id*. Plaintiff alleged that

---

[1] Plaintiff complained about his sentence resulting from NYS indictment # 2240-2001. Dkt. No. 1 at 4. Plaintiff was sentenced in Suffolk County Court to a term of incarceration as a result of this indictment. *See Safran v. Filion*, No. 9: 04-CV-1124 at Dkt. No. 1.

even though the Assistant Attorney General representing the state "admitted that NYS IND. # 2240/2201 NYS DOCS lacks a Certificate of Conviction," defendant Greene County Judge Lalor denied plaintiff's state habeas petition and ordered plaintiff returned to state custody. *Id*. Plaintiff appealed from the denial of his state habeas petition, which appeal was pending before the Appellate Division, Third Department when plaintiff commenced this action. *Id*. at 5. Plaintiff also alleged that the Appellate Division, Third Department, granted him poor person status to pursue his appeal from his habeas proceeding, but despite this ruling, defendant Greene County Court Clerk and the defendant court reporter have failed to provide plaintiff with the transcript of his state habeas proceeding. *Id*. Finally, plaintiff asked that plaintiff's state court habeas proceeding be removed to this Court. *Id*. at 6.

In his amended complaint, plaintiff claims that he has been illegally imprisoned because a valid "certificate of conviction" was not issued by the sentencing court.[2] Dkt. No. 5 at 1.

In the March Order, the Court advised plaintiff that (1) he could not seek release from incarceration via a complaint filed pursuant in 42 U.S.C. § 1983 and (2) he could not obtain monetary damages for an alleged illegal incarceration unless and until the conviction underlying the alleged illegal incarceration has been overturned. Dkt. No. 4 at 3-5. The March Order also dismissed Judge Lalor and Attorney General Elliot Spitzer as defendants and denied plaintiff's request to remove his state court habeas proceeding to

---

[2] Plaintiff's remaining claims regarding his state court habeas proceeding and his request to remove that proceeding to this Court are not included in plaintiff's amended complaint.

2

this Court. *Id.* at 5-7.

In his amended pleading, plaintiff now asks the Court to treat his § 1983 complaint as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 5 at 3-5. Plaintiff also asks that his § 1983 action be "held over by this court" until a decision has been made by this Court on his request for a writ of habeas corpus and then be allowed to proceed within 30 days of any decision on his converted writ of habeas corpus. *Id*.

Plaintiff previously filed in this District two petitions for writs of habeas corpus. In the first petition, he alleged that his Suffolk County Court conviction for indictment # 2240-2001 was illegal and in the second, that his present incarceration is illegal because the sentencing court, Suffolk County Court, failed to issue a "certificate of conviction" in connection with NYS indictment # 2240-2001.[3] *See Safran v. Filion ("Safran I")*, No. 9:04-CV-1124 and *Safran v. Superintendent ("Safran II")*, No. 9:05-CV-0007. Since Suffolk County, the site of plaintiff's conviction and sentencing, is located in the Eastern District of New York, *Safran I* and *Safran II* were transferred to the Eastern District of New York. *See Safran I* at Dkt. No. 2; *see also Safran II* at Dkt. No. 7. Thus, plaintiff's request to convert this § 1983 action to a petition for a writ of habeas corpus is denied because plaintiff has or had habeas petitions pending in the Eastern District challenging the same conviction raised in this application.[4] Moreover, plaintiff has failed to state a

---

[3] Petitioner also has a habeas petition pending in this District against the Superintendent of his current facility claiming that the facility is illegally incarcerating plaintiff because it does not have a certificate of conviction on file against plaintiff. *See Safran v. Superintendent*, No. 9:05-CV-0132.

[4] Any petition challenging his conviction in Suffolk County Court would be more appropriately filed in the Eastern District of New York.

3

claim upon which relief may be granted under 42 U.S.C. § 1983.[5]

In light of the foregoing and for the reasons set forth in the March Order, plaintiff's amended complaint fails to state a claim upon which relief can be granted and is hereby dismissed.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed due to plaintiff's failure to state a claim upon which relief can be granted against the named defendants, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff by regular mail.

Dated: May 25, 2005

Thomas J. McAvoy
Senior, U.S. District Judge

---

[5] Plaintiff has also not included in his amended complaint allegations of wrongdoing against the remaining two defendants -- Chief Court Clerk Doe and Frank Korzakanski.