UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID SAFRAN,

           Plaintiff,

      -v.-            9:05-CV-0270
                     (TJM)(DRH)

CHIEF COURT CLERK DOE, Green County Supreme
Court and FRANK KORZAKANSKI, Individually and as
Court Reporter for Hon. Daniel Lalor on 11/9/04 for case
# 04-0941,

           Defendants.

APPEARANCES:

DAVID SAFRAN
Plaintiff, *pro se*

THOMAS J. MCAVOY, Senior United States District Judge

**ORDER**

  Plaintiff David Safran commenced this action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. Dkt. No. 1. By Order of this Court filed March 11, 2005, Plaintiff was directed to submit an amended complaint to avoid dismissal of this action. Dkt. No. 4. In response to the March Order, Plaintiff submitted an amended complaint. Dkt. No. 5. By Order of this Court filed on May 25, 2005 ("May Order"), this action was dismissed for Plaintiff's failure to state a claim upon which relief may be granted. Dkt. No. 7. Presently before the Court is Plaintiff's motion for reconsideration of the May Order. Dkt. No. 9. Plaintiff's argument for reconsideration center around his allegation that he is illegally incarcerated because the State of New York did not issue a "certificate of conviction" regarding Plaintiff. Plaintiff believes he is entitled to immediate release, as well as monetary damages. This argument was presented in Plaintiff's prior pleadings.

  A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes

necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted). In this case, Plaintiff addresses issues already decided by the Court. Because Plaintiff has not established any of the above-cited factors relative to his motion for reconsideration, and because he has not met the strict standard required for reconsideration, the request is denied.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's motion for reconsideration (Dkt. No. 9) of the May Order is **DENIED**, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

Dated: March 1, 2006

Thomas J. McAvoy
Senior, U.S. District Judge